IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Case No. 26-cv-00199-NYW

LEONARDO LEYVA RAMIREZ,

 Petitioner,

v.

JUAN BALTASAR, Warden of the Denver Contract Detention Facility, in his official capacity;
ROBERT HAGAN, Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement, in his official capacity;[1]
TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement, in his official capacity;
KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, in her official capacity;
PAMELA BONDI, Attorney General of the United States, in her official capacity;
U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; and
DEPARTMENT OF HOMELAND SECURITY;

 Respondents.

_____

**ORDER**
_____

This matter is before the Court on the Verified Petition for Writ of Habeas Corpus ("Petition"), [Doc. 1], and Petitioner's Motion for Temporary Restraining Order and/or Preliminary Injunction ("Motion"), [Doc. 14], filed by Petitioner Leonardo Leyva Ramirez

---

[1] The Petition does not name Mr. Hagan specifically and only refers to the "ICE Field Office Director or Acting Director of the Denver ICE Field Office." [Doc. 1 at ¶ 7]. As it has done previously, the Court takes judicial notice of the fact that Mr. Hagan is the current Director of ICE's Denver Field Office. *See Brialez-Zuniga v. Baltazar*, No. 25-cv-03439-NYW, 2026 WL 35227, at *1 n.1 (D. Colo. Jan. 6, 2026). Pursuant to Rule 25 of the Federal Rules of Civil Procedure, the Court **DIRECTS** the Clerk of Court to **SUBSTITUTE** Robert Hagan for "Field Office Director or Acting Field Office Director" as a Respondent in this action.

("Petitioner"). Petitioner is a noncitizen who is currently detained at ICE's Denver Contract Detention Facility in Aurora, Colorado. See [Doc. 1 at ¶¶ 1, 3, 13; Doc. 1-2 at 8]. He seeks, among other things, a Court order instructing Respondents to release him or provide him a bond hearing pursuant to 8 U.S.C. § 1226(a). [Doc. 1 at 12]. He also seeks a Court order enjoining Respondents from transferring him outside of the District of Colorado while the Petition is pending. [*Id.*]. In the Motion, Mr. Leyva Ramirez requests a temporary restraining order granting similar relief. See [Doc. 14 at 12].

Upon review of the Petition, it is **ORDERED** that Petitioner shall **SERVE** Respondents with a copy of the Petition and the Motion, and accompanying papers, along with a copy of this Order, by e-mail and by overnight mail, on or before **January 23, 2026**. Petitioner shall promptly file proof of such service on the docket, and counsel for Respondents shall promptly enter their notices of appearance. Within **seven days of service**, Respondents shall **RESPOND** to the Motion and **SHOW CAUSE** why the Petition shall not be granted. See, e.g., *Yassine v. Collins*, No. 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. July 7, 2025) (explaining that while § 2243 refers to a three day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself, and granting respondents a fourteen day deadline to respond in order to "give [r]espondents adequate time to brief the issues" (quotations omitted)).

In addition, the All Writs Act provides, in pertinent part, that:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. § 1651(a). The All Writs Act dates from the first Judiciary Act of 1789, and the Supreme Court has recognized that its express authority empowers lower courts, in

2

limited circumstances, to issue temporary injunctions as may be necessary to protect the status quo or their own jurisdiction.  See *FTC v. Dean Foods Co.*, 384 U.S. 597, 603, 608 (1966).  Indeed, the Supreme Court has instructed that, "[u]nless appropriately confined by Congress, a federal court may avail itself of all auxiliary writs as aids in the performance of its duties, when the use of such historic aids is calculated in its sound judgment to achieve the ends of justice entrusted to it."  *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172–73 (1977) (quotation omitted).

Pursuant to the All Writs Act, and in order to preserve the Court's jurisdiction, Respondents **SHALL NOT REMOVE** Petitioner from the District of Colorado or the United States unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this Order.  See *Vizguerra-Ramirez v. Choate*, No. 25-cv-00881-NYW, ECF No. 11 at 4–5 (D. Colo. Mar. 21, 2025) (collecting cases); *Vazquez v. Baltazar*, No. 25-cv-03049-GPG-TPO, ECF No. 11 (D. Colo. Oct. 2, 2025); *Dean Foods Co.*, 384 U.S. at 603; *Local 1814, Int'l Longshoremen's Ass'n v. N.Y. Shipping Ass'n*, 965 F.2d 1224, 1237 (2d Cir. 1992).

DATED:  January 21, 2026                    BY THE COURT:

_____
Nina Y. Wang
United States District Judge