IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Case No. 26-cv-00199-NYW

LEONARDO LEYVA RAMIREZ,

    Petitioner,

v.

JUAN BALTASAR, in his official capacity;
ROBERT HAGAN, in his official capacity;
TODD LYONS, in his official capacity;
KRISTI NOEM, in her official capacity;
PAMELA BONDI, in her official capacity;
U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; and
DEPARTMENT OF HOMELAND SECURITY

    Respondents.

_____

**MEMORANDUM OPINION AND ORDER**
_____

This matter is before the Court on the Verified Petition for Writ of Habeas Corpus ("Petition"), [Doc. 1], and Petitioner's Motion for Temporary Restraining Order and/or Preliminary Injunction ("Motion for TRO"), [Doc. 14]. Respondents[1] filed a consolidated

---

[1] The Court agrees with Respondents that U.S. Immigration and Customs Enforcement and the Department of Homeland Security are not proper Respondents to this action. [Doc. 21 at 1 n.1]. The Supreme Court has explained that "[t]here is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is 'the person' with the ability to produce the prisoner's body before the habeas court." *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004); *see also id.* at 435 ("The writ of habeas corpus acts upon the person who holds [the detainee] in what is alleged to be unlawful custody." (quotation omitted)). To be sure, *Padilla* left open the question of which "person" may be considered the custodian of a noncitizen in immigration detention. *See id.* at 435 n. 8. But Respondents only challenge the inclusion of federal agencies as parties to this case. With respect to this limited challenge, *Padilla* is clear that where, as here, a detainee attacks his present physical confinement, the habeas action must be directed at a

response in opposition, [Doc. 21], and Petitioner has replied, [Doc. 22]. For the reasons set forth below, the Petition is **GRANTED in part**.

## BACKGROUND

Petitioner Leonardo Leyva Ramirez ("Petitioner" or "Mr. Leyva Ramirez") is a noncitizen who has resided in the United States since 2022. [Doc. 1 at ¶¶ 1–2, 40]. He was taken into custody by United States Immigration and Customs Enforcement ("ICE") in November 2025 and has been held without a bond hearing ever since. [*Id.* at ¶¶ 3–4, 43–44]. The Government purports to detain Petitioner under 8 U.S.C. § 1225(b). *See* [*id.* at 50; Doc. 21 at 3; Doc. 21-1 at ¶ 12]. Petitioner disputes the Government's interpretation of § 1225(b) and contends that he is actually detained under 8 U.S.C. § 1226(a), which would entitle him to a bond hearing. [Doc. 1 at ¶¶ 34–39, 45–52]. But because § 1225(b)(2)(A) provides for mandatory detention, he has no opportunity for release on bond while the Government considers him detained under this provision. *See* [*Id.* at ¶¶ 4, 45–52].

In the Petition, Mr. Leyva Ramirez brings four claims challenging the lawfulness of Respondents' decision to detain him without a bond hearing. First, he asserts that Respondents' erroneous application of § 1225(b) and § 1226(a) violates § 1226(a) ("Count One"). [Doc. 1 at ¶¶ 45–47]. Second, he argues that Respondents' denial of a bond hearing violates § 1226(a)'s implementing regulations ("Count Two"). [*Id.* at ¶¶ 48–

---

"person," not a federal agency. *See, e.g.*, *Wallace v. Fed. Bureau of Prisons*, No. 7:12–cv–00258, 2012 WL 6600348, at *2 n.3 (W.D. Va. Dec. 18, 2012) ("Neither the [Federal Bureau of Prisons] nor the United States of America is a proper respondent to a habeas corpus petition." (citing *Padilla*, 542 U.S. 426)). Accordingly, the Clerk of Court is **DIRECTED** to terminate U.S. Immigration and Customs Enforcement and the Department of Homeland Security as Respondents in this action.

52]. Third, he asserts that his detention based on § 1225(b) violates the Administrative Procedure Act ("APA") ("Count Three"). [*Id.* at ¶¶ 53–56]. Fourth, he contends that that his detention without a bond hearing violates his rights under the Due Process Clause of the Fifth Amendment ("Count Four"). [*Id.* at ¶¶ 57–60]. Mr. Leyva Ramirez seeks, among other things, a writ of habeas corpus ordering that he either be released from custody or granted a bond hearing within seven days. [Doc. 1 at 12].

This matter is fully briefed and ripe for disposition.[2] No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

## LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through

---

[2] Respondents represent that Mr. Leyva Ramirez has been ordered removed by an immigration judge, and if he does not file an appeal by February 13, 2026, that order will become final and justify his detention under 8 U.S.C. § 1231. [Doc. 21 at 2]. But to the extent that Respondents implicitly suggest that the Court should simply hold a ruling on this Petition in abeyance until they file a Status Report on February 16, 2026, *see* [*id.* at 2–3], this Court respectfully declines to do so. In his Reply, Petitioner represents he intends to file an appeal. [Doc. 22 at 3]. But more fundamentally, as another court has aptly observed, Respondents may not detain first and sort out the lawful authority later.

3

habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

## ANALYSIS

Petitioner's claims primarily turn on whether Respondents may detain him pursuant to § 1225(b)(2)(A), such that he is not entitled to a bond hearing under § 1226(a). The Court summarizes the statutory framework before turning to the Parties' arguments.

**I.   Statutory Framework**

Sections 1225 and 1226 govern detention of noncitizens prior to a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). Section 1226 "sets forth 'the default rule' for detaining noncitizens 'already present in the United States.'" *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *5 (E.D. Va. Sept. 30, 2025) (quoting *Jennings*, 583 U.S. at 303). This section permits, but does not require, the Attorney General to detain noncitizens pending removal proceedings, subject to certain exceptions not applicable here. *Jennings*, 583 U.S. at 303; 8 U.S.C. § 1226(a)(1)–(2) (the Attorney General "*may* continue to detain" or "*may* release" the noncitizen (emphasis added)). Section 1226(a) thus establishes a discretionary framework for the detention of noncitizens pending removal proceedings.

Section 1225(b) "supplement[s] § 1226's detention scheme." *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1246 (W.D. Wash. 2025) (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022)). Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States," i.e., "applicants for admission." *Jennings*, 583 U.S. at 297. This section provides, in relevant part, that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines

4

that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall* be detained" pending removal proceedings.  8 U.S.C. § 1225(b)(2)(A) (emphasis added).[3]  Under § 1225(a)(1), an "applicant for admission" is

> An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters).

Absent an exception for urgent humanitarian reasons not implicated in this case, "detention under § 1225(b)(2) is considered mandatory," and "[i]ndividuals detained under § 1225 are not entitled to a bond hearing."  *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025) (citing *Jennings*, 583 U.S. at 297).

## II. Application to Petitioner's Statutory Claim

The Court's analysis begins and ends with Count One, the statutory claim. Respondents argue that § 1225(b)(2)(A) applies and requires Petitioner's detention, so he is not entitled to a bond hearing.  *See* [Doc. 21].  This Court, following the clear weight of persuasive authority, has already rejected Respondents' position.  *See Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *5 (D. Colo. Oct. 22, 2025) ("[F]ederal courts have overwhelmingly rejected Respondents' 'broad interpretation of

---

[3] Under 8 U.S.C. § 1225(b)(1), "certain applicants for admission who are deemed inadmissible are subject to expedited removal, unless they express a fear of persecution or an intent to apply for asylum."  *Guerrero Orellana v. Moniz*, 802 F. Supp. 3d 297, 304 (D. Mass. Oct. 3, 2025), *appeal docketed*, No. 25-2152 (1st Cir. Dec. 3, 2025); *see also* 8 U.S.C. § 1225(b)(1)(A)(i) (directing an immigration officer to "order [a person deemed inadmissible] removed from the United States without further hearing or review unless [the person] indicates either an intention to apply for asylum . . . or a fear of persecution"). Respondents do not argue that Petitioner is detained pursuant to § 1225(b)(1), *see* [Doc. 11], so the Court does not substantively address detention under this subsection.

5

section 1225(b)(2).'" (collecting cases)).[4] In *Loa Caballero*, this Court reviewed a similar habeas petition filed by a noncitizen who had resided in the United States for nearly 20 years before he was detained by ICE. *See id.* at *1. Like Mr. Leyva Ramirez, the Government did not provide the petitioner in *Loa Caballero* with a bond hearing because it asserted that § 1225 mandated his detention. *See id*. The Court disagreed, emphasizing that § 1225(b)(2)(A) only provides for mandatory detention of noncitizens "seeking admission" to the country. *Id.* at *6. "The plain meaning of the phrase 'seeking admission' requires that the applicant must be presently and actively seeking lawful entry into the United States." *Id.* Thus, noncitizens who are merely "present"—and have been for "years upon years" without obtaining legal status—are not "seeking admission" under § 1225(b)(2)(A). *Id.* (quoting *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 781 (E.D. Mich. 2025)). Interpreting § 1225(b)(2)(A) to mandate detention for all "applicants for admission" would render the "seeking admission" language superfluous. *Id.* at *7. The Court concluded that both the plain text of § 1225 and applicable canons of statutory interpretation demonstrated that the petitioner in *Loa Caballero* was detained under

---

[4] In addition to this Court's ruling in *Loa Caballero*, a majority of other judges in this District have concluded that § 1225(b)(2)(A) does not apply to noncitizens similarly situated to Mr. Leyva Ramirez, who have been present in the country for some time and are not actively "seeking admission." *See, e.g.*, *Mendoza Gutierrez v. Baltasar*, No. 25-cv-02720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2024) (Rodriguez, J.), *appeal docketed*, No. 25-1460 (10th Cir. Dec. 16, 2025); *Moya Pineda v. Baltasar*, No. 25-cv-02955-GPG, 2025 WL 3516291 (D. Colo. Oct. 20, 2025) (Gallagher, J.); *Nava Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643 (D. Colo. Oct. 24, 2025) (Sweeney, J.); *Florez Marin v. Baltazar*, No. 25-cv-03697-PAB, 2025 WL 3677019 (D. Colo. Dec. 18, 2025) (Brimmer, C.J.); *Aleman Hernandez v. Baltazar*, No. 25-cv-03688-SKC-SBP, 2025 WL 3718159 (D. Colo. Dec. 23, 2025) (Crews, J.); *Garcia Abanil v. Baltazar*, No. 25-cv-04029-WJM-STV, 2026 WL 100587 (D. Colo. Jan. 14, 2026) (Martinez, J.).

§ 1226, not § 1225.  *See id.* at *5–8.  The Court has since reaffirmed its ruling in *Loa Caballero* in several other similar habeas cases.  *See, e.g.*, *Briales-Zuniga v. Baltazar*, No. 25-cv-03439-NYW, 2026 WL 35227 (D. Colo. Jan. 6, 2026).

Respondents acknowledge the issue presented in this case "is not materially different" than *Loa Cabellero*, *see* [Doc. 21 at 2], and provide no persuasive reason for the Court to depart from the conclusion it reached in that case.  Nor has the Tenth Circuit yet addressed the issue.  And although Respondents preserve their arguments to the contrary, they concede that the Court's ruling in *Loa Caballero* will lead the Court to the same conclusion here.

Accordingly, as in *Loa Caballero* and *Briales-Zuniga*, the Court concludes that § 1225(b)(2)(A) does not authorize Respondents' detention of Petitioner.  The "default rule" of discretionary detention under § 1226(a) therefore applies.  *See, e.g.*, *Quispe-Ardiles*, 2025 WL 2783800, at *5, *7.  And because Respondents have failed to provide Mr. Leyva Ramirez with a bond hearing or any other individualized custody determination, his continued detention violates § 1226(a).

### III.   Appropriate Remedy

Petitioner asks the Court to order Respondents to either release him immediately or "provide him with a bond hearing pursuant to [§ 1226(a)] within seven days."  [Doc. 1 at 12].  But § 1226(a) "does not require release—it provides DHS the discretion to grant an alien release on bond."  *Nava Hernandez*, 2025 WL 2996643, at *8.  This Court has previously held that a bond hearing before an immigration judge is sufficient to vindicate the procedural protections afforded by § 1226(a).  *See Loa Caballero*, 2025 WL 2977650, at *9; *Briales-Zuniga*, 2026 WL 35227, at *4.  As in those cases, the Court finds that an

7

immigration judge is better suited than this Court to conduct the hearing and consider whether Mr. Leyva Ramirez poses a flight risk or danger to the community.

Accordingly, Respondents are **ORDERED** to provide Petitioner with a bond hearing before an immigration judge no later than February 13, 2026. If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, he must be immediately released from detention. On or before February 20, 2026, the Parties shall file a joint status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date Petitioner was released from custody; (2) whether Petitioner has appealed the immigration judge's order of removal, *see* [Doc. 21 at 2]; and (3) whether any additional proceedings in this matter are required.

Having granted Mr. Leyva Ramirez relief as to Count One, the Court does not reach his other claims at this time. And because Petitioner's Motion for TRO seeks substantially the same relief as the relief the Court grants as to Count One, *see* [Doc. 14 at 12], the Motion for TRO is respectfully **DENIED as moot**, *see Loa Caballero*, 2025 WL 2977650, at *9 (denying motion for temporary restraining order as moot after granting petitioner "identical" relief on the merits).

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1) The Verified Petition for Writ of Habeas Corpus [Doc. 1] is **GRANTED in part**;

(2) Respondents shall provide Petitioner a bond hearing no later than February 13, 2026. **If Respondents to not do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be**

8

**immediately released from detention**;

(3)  On or before February 20, 2026, the Parties shall file a joint status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date Petitioner was released from custody; (2) whether Petitioner has appealed the immigration judge's order of removal; and (3) whether any additional proceedings in this matter are required;

(4)  Petitioner's Motion for Temporary Restraining Order and/or Preliminary Injunction [Doc. 14] is **DENIED as moot**; and

(5)  The Clerk of Court is **DIRECTED** to terminate U.S. Immigration and Customs Enforcement and the Department of Homeland Security as Respondents in this action.

DATED: February 6, 2026

BY THE COURT:

_____
Nina Y. Wang
United States District Judge